## Commonwealth v. Ritch.

John H. Maurer, Assistant District Attorney, and Harold D. Saylor, Deputy Attorney-General, for Commonwealth.

Joseph Sloane, for defendant.

BROWN, JR., J., March 26, 1931.—Defendant, the manager of the State Theatre, Philadelphia, was found guilty by a magistrate of violation of section 2 of the Child Labor Act of May 13, 1915, P. L. 286, in permitting a minor under fourteen years of age to work in and about the theatre, and was fined $10 and costs. Within five days after the imposition of this fine, an appeal was taken to the Court of Quarter Sessions, and subsequently heard de novo.

On or about Oct. 27, 1930, at 4.15 P. M. and 9.10 P. M., Davey Lee, nine years of age and a nonresident of Pennsylvania, was permitted to perform on the stage of the State Theatre, Philadelphia, of which defendant was manager, and there exhibit his dramatic and theatrical talents of singing and talking, for compensation, before audiences, which performances were advertised

in the public newspapers of Philadelphia by defendant or the Stanley Company, owner of the theatre.

Section 2 of the Act of 1915 provides: "No minor under fourteen years of age shall be employed or permitted to work in, about, or in connection with, any establishment or in any occupation." "Establishment" is defined, in section 1, as "any place within this Commonwealth where work is done for compensation of any kind, to whomever payable," excepting "children employed on the farm or in domestic service in private homes."

The question is "what the legislature intended by the use of these words. In seeking for this legislative intent we must give to the language of the statute its common and ordinary signification:" Pennsylvania & Delaware R. R. Co. v. Leuffer, 84 Pa. 168, 171. That quoted is broad and comprehensive. "Work," as a noun, is the "exertion of strength or faculties for an accomplishment of something; physical or intellectual effort directed to an end; toil; labor; as the *work* of a teamster, or a doctor; also, that which requires or has required such exertion or effort; employment; occupation; as, to be out of *work;*" and as a verb, it is "to exert one's self physically or mentally for a purpose, esp., in common speech, to exert one's self thus in doing something undertaken chiefly for gain, for improvement in one's material, intellectual or physical condition, or under compulsion of any kind, as distinguished from something undertaken primarily for pleasure, sport, or immediate gratification, or as merely incidental to other activities: . . ." Webster's New International Dictionary, 1928, pages 2349 and 2350. "Occupation" is there defined (page 1487) as "vocation; employment; calling; trade," and its synonyms are "business; profession; trade." Performing on the stage and exhibiting dramatic and theatrical talents of singing and talking for compensation come clearly within these definitions. They are "physical and intellectual efforts" directed to the end of entertainment, and undertaken for gain.

The phraseology of the Act of 1915 differs from that of the resolution of general assembly of Jan. 21, 1843, and its supplement of April 4, 1862, which in effect gave a lien to "contractors, laborers and workmen" upon railroads and other works and property of public companies for the debts and liabilities accruing to them in the construction and repair of such roads and works, and which, in Pennsylvania & Delaware R. R. Co. v. Leuffer, *supra*, was held not to include "civil engineers, the value of whose services rests rather in their scientific than in their physical ability." Clearly, the legislation there construed was intended to embrace those engaged in manual toil, "not in head, but in hand work, and who depend upon such hand work for their living," whereas, in section 2 of the Act of 1915, the word "labor," which "commonly implies more strenuous exertion than work" (Webster's Dictionary, *supra*), does not appear. If the two had been coupled together, a different result might be reached, but "work" by itself is more general, and used with "in any occupation" is all-inclusive.

The purpose of the act is "to provide for the health, safety and welfare of minors," and to that end it prescribes different conditions for the employment of minors of different ages. Thus, it is lawful for minors between fourteen and sixteen years of age to be employed, except in the operation of certain dangerous machines enumerated in section 5, providing they attend an approved school not less than eight hours each week (section 3), and that they work no more than fifty-one hours a week and no more than nine hours a day (section 4). Minors between sixteen and eighteen years of age may be employed without attending school and with no daily or weekly limit of the number of their hours of work, except in certain employments prohibited in

sections 5 and 6. However, the legislature evidenced its intent that there should be no exceptions in cases of minors under fourteen. Section 2 contains no limitation of the number of hours during which such minors may be employed nor of the kind of work which they may do. It inhibits their employment. They shall not "be employed or permitted to work in, about, or in connection with, any establishment or in any occupation."

It has been argued on behalf of the defendant that because children between fourteen and sixteen years of age have to have employment certificates which are issued only by public school officials to "children residing within their respective districts," the act is not intended to apply to nonresidents. However, it was within the power of the legislature to forbid all employment of minors under sixteen years, but instead of so doing it imposed certain conditions upon their employment, and prohibited them from the operation of dangerous machines. On the other hand, no such limitations were prescribed for children under fourteen years of age. Their employment at all was prohibited by section 2. There is no distinction there made between minors who are residents in Pennsylvania and those who live without its borders, so that the application of section 2 of article IV of the Constitution of the United States does not arise.

Defendant is adjudged guilty of the violation of the provisions of section 2 of the Act of May 13, 1915, P. L. 286, and is sentenced to pay a fine of $10 and the costs of prosecution, and in default of the payment thereof to undergo an imprisonment of ten days in the Philadelphia County Prison.